IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

WILMER GARCIA COLATO,                              §
                                                  §
    *Petitioner*,                                §
                                                  §
VS.                                               §          CIVIL CASE NO. SA-26-CV-3707-FB
                                                  §
MARKWAYNE MULLIN, in His Official Capacity as     §
Secretary of the Department of Homeland Security; §
TODD BLANCHE, in His Official Capacity as Attorney §
General of the United States; TODD LYONS, in His  §
Official Capacity as Acting Director and Senior Official §
Performing the Duties of the Director of U.S.     §
Immigration and Customs Enforcement; ACTING       §
DIRECTOR, in His Official Capacity as Field Office §
Acting Director of the Houston Field Office of U.S. §
Customs Enforcement and Removal Operations; and   §
WARDEN, in His Official Capacity as Warden of     §
the Karnes County Immigration Processing Center   §
                                                  §
    *Respondents*.                               §

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court are Petitioner Wilmer Garcia Colato's ("Petitioner") Petition for Writ of

Habeas Corpus ("Petition") (ECF No. 1); the Federal Respondents' ("Respondents") Response to

Petition (ECF No. 3); and Petitioner's Reply (ECF No. 4). The relevant facts are undisputed and the

Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989)

(citations omitted).

### BACKGROUND

Petitioner is currently detained in the Karnes County Immigration Processing Center in Karnes

City, Texas, located in the Western District of Texas. Petitioner argues that Petitioner's detention is

unlawful and asks the Court to order Petitioner's release.

**DISCUSSION**

As alleged, Petitioner's case appears materially indistinguishable from several others in which courts in this District have found a procedural due process violation.  *See e.g.*, *Perez v. Thompson*, No. SA-26-CA-02187-XR, 2026 WL 1078577, at *4 (W.D. Tex. Apr. 17, 2026); *Flores Molina v. Thompson*, Case No. 5:26-CV-0631-JKP, 2026 WL 908556, at *6-7 (W.D. Tex. Mar. 27, 2026); *Rodriguez Brizuela v. Noem*, No. 5:26-CV-0279-JKP, 2026 WL 752257, at *5 (W.D. Tex. Mar. 12, 2026); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d  668, 685-87 (W.D. Tex. 2025).  In preparing their response to the Petition, Respondents were ordered to consider a list of prior court orders issued in the Western District of Texas[1] addressing whether Petitioner's detention violates due process and note any material factual differences.  (Order for Service, ECF No. 2 at page 2 & n.6).  In complying with that order, Respondents state they have "considered the prior court orders issued in the Western District of Texas addressing the due process argument presented by the Petitioner.  There do not appear to be any material factual differences presented in this case. Federal Respondents hereby reallege and preserve the legal arguments made by the Federal Respondents in those previous cases with respect to the due process and other claims." Response, ECF No. 3 at page 13.  The Court therefore considers whether these prior rulings, concerning similar challenges to the government policy or practice at issue in this case and the common question of law between this case and those rulings, should also control the result in this case.

---

[1]  *E.g., Aguilar-Ramirez v. Mullin, Civil Case No. SA:26-CV-2102-FB (ECF No. 9) (W.D. Tex. Apr. 29, 2026); Gonzalez-Acero v. Thompson; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); Camargo Barreto v. Bondi, Case No. 5:26-CV-0659-JKP, 2026 WL 1008544 (W.D. Tex. Apr. 2, 2026); Vargas-Negrete v. Noem, Case No. SA-26-CA-00571-XR, 2026 WL 905456 (W.D. Tex. Mar. 19, 2026); Gonzalez Carrillo v. Bondi, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026); Valencia Reyes v. Noem, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); Martinez v. Noem, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); Santiago v. Noem, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025);  and Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).*

After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order for Service and the additional cases cited herein. *See e.g.*, *Aguilar-Ramirez v. Mullin, Civil Case No. SA:26-CV-2102-FB (ECF No. 9) (W.D. Tex. Apr. 29, 2026); Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Flores Molina v. Thompson*, Case No. 5:26-CV-0631-JKP, 2026 WL 908556, at *6-7 (W.D. Tex. Mar. 27, 2026)*; Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

As discussed and explained in the prior cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Wilmer Garcia Colato, A# 221-376-903, from custody, under reasonable conditions of supervision, to a public place no later than **Wednesday, July 1, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel, by email or by a direct telephone conversation, of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **Monday, July 6, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending, if any, are DISMISSED AS MOOT, and this case is CLOSED.

It is so ORDERED.

SIGNED this 27th day of June, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE